**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 1410015328, |
| | ) | 1409008780[1] |
| SHANE E. MCCREARY, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: April 23, 2020
Date Decided: June 4, 2020

**ORDER**

Upon consideration of Defendant's Motion for Modification/Consideration ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On April 29, 2015, Defendant pled guilty to two counts of Robbery First Degree, two counts of Robbery Second Degree, and Disregarding a Police Officer's Signal.[2] By Order dated July 31, 2015, effective October 22, 2014, Defendant was sentenced as follows: for Robbery First Degree, IN14-10-1682, 10 years at Level V (Substance Abuse Treatment Program), suspended after 3 years and upon successful completion of Substance Abuse Treatment Program, for 7 years at Level IV (DOC Discretion), suspended after 6 months, for 2 years at supervision

---

[1] The sentences at issue before the Court were consolidated with Court of Common Pleas Case No. 1409011612. *See* ID No. 1410015328, D.I. 21; ID No. 1409008780, D.I. 4.
[2] ID No. 1410015328, D.I. 7; ID No. 1409008780, D.I. 3.

Level III; for Robbery First Degree, IN14-10-1683, 10 years at Level V, suspended after 3 years, for 2 years at supervision Level III; for Robbery Second Degree, PN14-10-1684, 5 years at Level V, suspended for 2 years at supervision Level III; for Robbery Second Degree, PN14-10-1685, 5 years at Level V, suspended for 2 years at supervision Level III; and for Disregarding a Police Officer's Signal, N14-10-1656-I, 1 year at Level V, suspended for 1 year at supervision Level II.[3]

2.      On April 23, 2020, Defendant filed this Motion, asking the Court to modify his sentence to "13 years at Level V suspended for 6 years at Level V followed by 2 years at Level III."[4]  Essentially, Defendant is asking the Court to suspend the remaining Level V time of his sentences and allow him to immediately flow down to Level III supervision.[5]  In support of the Motion, Defendant cites: (1) his participation in behavior and substance abuse treatment programs; (2) his potential exposure to COVID-19; and (3) his acceptance and responsibility for his action.[6]

3.      Superior Court Criminal Rule 35 governs motions for modification of sentence.  "Under Rule 35(b), a motion for sentence modification must be filed

---

[3] ID No. 1410015328, D.I. 21; ID No. 1409008780, D.I. 4.  The first 3 years at Level V of each Robbery First Degree sentence are mandatory pursuant to 11 *Del. C.* § 832.  Probation is concurrent.
[4] ID No. 1410015328, D.I. 39; ID No. 1409008780, D.I. 16.
[5] *Id.*
[6] *Id.*

2

within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[7]

4.      Defendant filed this Motion more than 3 years after the imposition of his sentence, and it is therefore time-barred under Rule 35(b).

5.      The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[8] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[9] Mitigating factors that could have been presented at sentencing, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[10] Defendant has failed to set forth facts establishing

---

[7] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[9] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[10] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

"extraordinary circumstances," and therefore, the Court will not consider the merits of Defendant's untimely motion.

6.     The Court finds the Defendant's sentences are appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction of modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification/Consideration is **DENIED**.

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:     Shane McCreary (SBI# 00732817)
        Annemarie H. Puit, DAG

4